**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

FILED
10 FEB 24 PM 12: 11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JANET DAVIS,** | Case No. CV 10 - 01377 DMG (JEMx) |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND INVASION OF PRIVACY** |
| vs. | |
| **INTEGRITY FINANCIAL PARTNERS, INC.,** | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, JANET DAVIS ("Plaintiff"), is a natural person residing in Riverside county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, INTEGRITY FINANCIAL PARTNERS, INC. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including, but not limited to, Rochelle, an employee of Defendant, repeatedly calling Plaintiff at work. On one such occasion, on January 20, 2010, Rochelle called Plaintiff's HR department and spoke to Ember Quinlan (§1692b & §1692c(b));

b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested, including, but not limited to, Rochelle, an employee of Defendant, repeatedly calling Plaintiff at work. On one such occasion, on January 20, 2010, Rochelle called Plaintiff's HR department and spoke to Ember Quinlan (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including, but not limited to, Rochelle, an employee of Defendant, repeatedly calling Plaintiff at work. On one such occasion, on January 20, 2010, Rochelle called Plaintiff's HR department and spoke to Ember Quinlan (§1692b(2) & §1692c(b));

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, including, but not limited to, Rochelle, an employee of Defendant, repeatedly calling Plaintiff at work. On one such occasion, on January 20, 2010, Rochelle called Plaintiff's HR department and spoke to Ember Quinlan (§1692b(3) & §1692c(b));

e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work (§1692c(a)(1));

f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work, and speaking to other employees at Plaintiff's place of employment (§1692d))

g) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff more than twice in a day, calling Plaintiff more than five times a day, and calling Plaintiff back immediately after she had hung up with Defendant (Cal Civ Code §1788.11(d));

h) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff more than twice in a day, calling Plaintiff more than five times a day, and calling Plaintiff back immediately after she had hung up with Defendant (Cal Civ Code §1788.11(e));

i) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2));

j) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

k) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

l) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt including, but not limited to, calling Plaintiff more than twice in a day, calling Plaintiff more than five times a day, calling Plaintiff back immediately after she had hung up with Defendant, and repeatedly calling Plaintiff at work and speaking with other employees there (§ 1692f));

m) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)); and

n) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff more than twice a day, more than five times a day, and calling Plaintiff back immediately after she had hung up with Defendant (§1692d(5)).

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages

B. Punitive Damages; and,

C. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 22nd day of February, 2010.

By: ______________________

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV10- 1377 DMG (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

**[ ] Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

**[ ] Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET DAVIS, PLAINTIFF(S) | CASE NUMBER CV 10 - 01377 DMG (JEMx) |
| v. | |
| INTEGRITY FINANCIAL PARTNERS, INC., DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): Integrity Financial Partners, Inc.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Todd M. Friedman, whose address is Law Offices of Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: FEB 24 2010

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JANET DAVIS

**DEFENDANTS**
INTEGRITY FINANCIAL PARTNERS, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Todd M. Friedman, Esq, Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 Violation of the Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

CV 10 - 01377 DMG (JEMx)

**FOR OFFICE USE ONLY:** Case Number: ________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kansas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** February 22, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |